**COMMONWEALTH of Pennsylvania,
Appellee,**

v.

**Jennifer Lynn SHAFFER, Appellant.**

Superior Court of Pennsylvania.

Argued Oct. 8, 1998.

Filed Dec. 14, 1998.

Joseph P. Burt, Erie, for appellant.

Lisa M. Schlosser, Asst. Dist. Atty., Erie, for Com., appellee.

Before EAKIN, SCHILLER, and OLSZEWSKI, JJ.

OLSZEWSKI, J.:

This appeal is from the judgment of sentence entered on April 15, 1997. Appellant was charged with and tried for third–degree murder, aggravated assault, and endangering the welfare of a child. Appellant petitioned the trial court to transfer the proceedings to juvenile court, which was denied on February 6, 1997. On March 11, 1997, following a non-jury trial, appellant was convicted of all three charges and was sentenced to a total aggregate sentence of 32½ to 65 years' incarceration. This appeal followed.

Appellant presents the following questions for our review:

1. Was it error to refuse the motion to decertify, Ms. Shaffer having met her burden under 42 Pa.C.S. § 6322(a) of proving by a preponderance of the evidence that transfer would serve the public interest?

2. Was the sentence clearly unreasonable and manifestly excessive?

3. Were the verdicts without support of sufficient evidence due to insufficient proof of the malice aspect of required *mens rea?*

4. Were the verdicts against the weight of the evidence due to insufficient proof of the malice aspect of required *mens rea?*

Appellant's brief, at 4. We find appellant's contentions to be without merit and thus affirm the judgment of sentence.

■ We first address appellant's claim that the trial court erred in denying her motion for de-certification and to have her case adjudicated in juvenile court. When a minor is charged with murder, treatment through the juvenile court system does not arise as a matter of right. *Commonwealth v. Pyle,* 462 Pa. 613, 342 A.2d 101, 104 (Pa. 1975). Instead, a defendant has the burden of proving that a transfer is appropriate under section 6322(a) of the Juvenile Act, which states:

> If it appears to the court in a criminal proceeding charging murder ... that the defendant is a child, the case may ... be transferred and the provisions of this chapter [*i.e.,* the Juvenile Act] applied. In determining whether to transfer a case charging murder ..., the child shall be required to establish by a preponderance of the evidence that the transfer will serve the public interest. In determining whether the child has so established that the transfer will serve the public interest, the court shall consider the factors contained in section 6355(a)(4)(iii)....

42 Pa.C.S.A. § 6322(a). The factors to be considered by the court, as listed in section 6355(a)(4)(iii), are:

(A) the impact of the offense on the victim or victims;

(B) the impact of the offense on the community;

(C) the threat to the safety of the public or any individual posed by the child;

(D) the nature and circumstances of the offense allegedly committed by the child;

(E) the degree of the child's culpability;

(F) the adequacy and duration of dispositional alternatives available under this chapter and in the adult criminal justice system; and

(G) *whether the child is amenable to treatment, supervision or rehabilitation as a juvenile by considering the following factors*: (I) age; (II) mental capacity; (III) maturity; (IV) the degree of criminal sophistication exhibited by the child; (V) previous records, if any; (VI) the nature and extent of any prior delinquent history, including the success or failure of any previous attempts by the juvenile court to rehabilitate the child; (VII) whether the child can be rehabilitated prior to the expiration of the juvenile

court jurisdiction; (VIII) probation or institutional reports, if any; (IX) any other relevant factors. . . .

42 Pa.C.S.A. § 6355(a)(4)(iii) (emphasis added).

■ In the present case, appellant failed to satisfy her burden of proof under the Juvenile Act. At the de-certification hearing, appellant presented the testimony of two psychiatrists who testified that she suffers from "passive dependent personality disorder" in order to prove that she is amenable to treatment. The psychiatrists testified that appellant could be successfully treated and that the programs available in the juvenile criminal justice system would provide appellant with the necessary treatment. The Commonwealth presented the testimony of its own expert witness, a psychiatrist, who opined that appellant has no major psychiatric disorder that is in need of treatment. The trial court found that the conclusions of appellant's experts were based upon facts and assumptions that were not sufficiently established. Trial Court Opinion, 2/6/97, at 2. The court was well within its discretion to not accept the testimony of appellant's experts as sufficient evidence of appellant's amenability to treatment, particularly when the Commonwealth presented the testimony of an expert with contradictory opinions on the issue. Appellant failed to present additional evidence with regard to the various factors enumerated in section 6355(a)(4)(iii) and the issue of whether transferring the case to the juvenile courts would serve the public interest. Consequently, appellant failed to prove to the court that she is ame- nable to treatment and that the juvenile criminal system would provide any necessary and successful treatment.

■ The decision whether to transfer an action involving a minor charged with murder to the juvenile court "is within the sound discretion of the hearing judge." *Commonwealth v. Austin*, 444 Pa.Super. 601, 664 A.2d 597, 598 (Pa.Super.1995). "An abuse of discretion which will warrant reversal of the trial court's decision to retain a murder case in the Criminal Division may not merely be an error of judgment, but must be a misapplication of the law or an exercise of mani-

festly unreasonable judgment based upon partiality, prejudice or ill will." *Id.* 664 A.2d at 599. While appellant contends that the court's decision to retain jurisdiction was guided by prejudice and ill-will, she has not offered any objective proof to support this assertion. Instead, she argues this Court should infer that the trial judge was biased from the fact that the judge sentenced her to a lengthy term and that the judge, after evaluating the testimony of appellant's experts, regarded "passive dependent personality disorder" as an "amorphous ailment." Trial Court Opinion, 2/6/97, at 1. This court will not engage in such untenable speculations absent supporting evidence, which appellant has not provided. Moreover, appellant deduces bias and ill-will of the trial judge from the court's opinion, which does nothing more than properly consider the many factors listed in section 6355(a)(4)(iii). In conclusion, there has been no abuse of discretion by the trial court. Appellant simply failed to prove that her case should be transferred to juvenile court.

Next, appellant argues that the sentence imposed by the lower court was clearly unreasonable and manifestly excessive. Appellant constructs her argument with the mistaken understanding that the sentence was within the sentencing guidelines. The trial court, however, specifically stated that it was departing from the guidelines. N.T., Sentencing, 4/15/97, at 37–38, 46; *see also* 18 Pa.C.S.A. §§ 2501, 2502, 1103. Appellant was sentenced to a term of imprisonment of twenty to forty years for third–degree murder, a consecutive term of ten to twenty years for aggravated assault, and a consecutive term of two and one-half to five years for endangering the welfare of a child. N.T., Sentencing, 4/15/97, at 46. Even if appellant properly argued the issue, we find that the sentence is reasonable.

■ Sentencing is within the sound discretion of the sentencing judge, and that decision will not be disturbed absent an abuse of discretion. *Commonwealth v. Jones*, 418 Pa.Super. 93, 613 A.2d 587, 591 (Pa.Super.1992) (*en banc*). "To constitute an abuse of discretion, the sentence imposed must either exceed the statutory limits or be

manifestly excessive." *Commonwealth v. Gaddis*, 432 Pa.Super. 523, 639 A.2d 462, 469 (Pa.Super.1994). Nevertheless, sentencing guidelines are merely advisory, and the court may, in its discretion, sentence outside the guidelines. When a trial court deviates from the guidelines, it must state its reasons for deviation on the record at the time of sentencing or in a contemporaneous written statement. *Commonwealth v. Lawson*, 437 Pa.Super. 521, 650 A.2d 876, 881 (Pa.Super.1994). The court must also consider the guidelines as a starting point and deviate so as to impose a sentence consistent with both the public's safety needs and the defendant's rehabilitative needs. *Id.* In the present case, the trial court properly discussed, on the record, the reasons for deviating from the guidelines. Before deviating from the sentencing guidelines, the court considered the standard range within the guidelines and various mitigating factors. N.T., Sentencing, 4/15/97, at 29–46. Furthermore, the court discussed the factors that led it to depart from the guidelines. N.T., Sentencing, 4/15/97, at 43–46. Thus, we conclude that the sentence was proper and reasonable.

■■■ Appellant also argues that the evidence was not sufficient to establish the malice required for third–degree murder. In reviewing the sufficiency of the evidence, we "review the evidence presented and all reasonable inferences drawn therefrom in a light most favorable to the verdict winner [*i.e.*, the Commonwealth] and determine whether on the record there is a sufficient basis to support the challenged conviction." *Commonwealth v. Madison*, 501 Pa. 485, 462 A.2d 228, 231 (Pa.1983). Upon a complete review of the record, we find sufficient evidence to establish the malice necessary for third–degree murder.

■■■ In order to prove malice, the Commonwealth must show a "wickedness of disposition, hardness of the heart, cruelty, recklessness of consequences, and a mind regardless of social duty." *Commonwealth v. Fierst*, 423 Pa.Super. 232, 620 A.2d 1196, 1203 (Pa.Super.1993). In the present case, the evidence established that the victim, appellant's three-and-a-half month old child, died of blunt force trauma to the head. N.T.,

Non–Jury Trial, Testimony of Eric Vey, M.D., 3/11/97, at 10. The evidence further established that the victim had several bruises and abrasions on his face, head, chest, shoulder, back, penis, thigh, knee, feet, and toes. *Id.* at 14–21, 23, 27–29, 36–42. Additionally, the evidence revealed that the victim's eight ribs were fractured and that anyone picking up or holding the victim would have elicited a response of pain from him. *Id.* at 68. The victim's skull was fractured and there were several contusions and hemorrhages in relation to the brain. *Id.* at 24–26. Furthermore, after introduction of evidence that appellant flicked the victim's penis, appellant stated that the baby came from her and she could do as she pleased. N.T., Non–Jury Trial, Testimony of Gloria A. Riewalt, 3/5/97, at 94–95. The record is complete with evidence of physical abuse, neglect, and appellant's indifference toward the welfare of her young child.

A review of similar cases illustrates the level of evidence necessary to establish malice. For instance, in *Commonwealth v. Martin*, 433 Pa.Super. 280, 640 A.2d 921 (Pa.Super.1994), appellant was convicted of the third–degree murder of his girlfriend's four–year–old son. Numerous witnesses testified that appellant physically tortured the four–year–old victim. *Id.* 640 A.2d at 925. Upon consideration of appellant's claim that the evidence was insufficient to support a finding of malice, we found that "[t]he repeated, merciless destruction of this boy's physical and emotional self clearly was 'serious' and also clearly established the requisite malice for third degree murder." *Id.* In *Commonwealth v. Matthews*, 480 Pa. 33, 389 A.2d 71 (Pa.1978), the Supreme Court held that an adult's repeated use of excessive force upon a twenty-month old victim supports a finding of an extreme indifference to the value of human life. Similarly, we find that the evidence established in the present case was sufficient to prove malice and there is a sufficient basis to support the conviction of third–degree murder.

■■■ Finally, appellant argues that the verdict was against the weight of the evidence because there was insufficient proof of malice. As discussed above, we find that the

evidence established at trial was sufficient to prove malice. While a challenge to the sufficiency of the evidence can be legally distinguished from a challenge to the weight of the evidence, where the evidence is legally sufficient, it generally meets the test for weightiness. *Commonwealth v. Edwards*, 399 Pa.Super. 545, 582 A.2d 1078, 1083 (Pa.Super.1990). The finding of the trial court that the verdict is not against the weight of the evidence will not be disturbed absent an abuse of discretion. *Commonwealth v. Marks*, 704 A.2d 1095, 1098 (Pa.Super.1997). "For a new trial to lie on a challenge that the verdict is against the weight of the evidence, the evidence must be so tenuous, vague and uncertain that the verdict shocks the conscience of the court." *Commonwealth v. Edwards*, 399 Pa.Super. 545, 582 A.2d 1078, 1083 (Pa.Super.1990). Appellant does not offer any support for its claim that the court abused its discretion in this matter, other than a request that this Court read between the lines of the lower court's opinion to find impropriety in the court's decision-making process. After a careful review of the record, we find that the guilty verdict was not so contrary to the evidence so as to shock one's conscience.

Judgment of sentence affirmed.

SCHILLER, J., Concurs in the Result.