## Commonwealth v. Clemons

*Tonya H. Tharp, senior deputy district attorney,* for Commonwealth.

*Eric K. Dowdle,* for defendant.

DANTOS, *J.,* April 14, 2010—On February 23, 2010, defendant, Eddie Clemons, after a jury trial, was found guilty of firearms not to be carried without a license.[1] Additionally, on the same date, this court found the defendant guilty of person not to possess, use, manufacture, control, sell or transfer firearm,[2] and the summary offenses of disorderly conduct[3] and reckless driving.[4]

---

1. 18 Pa.C.S. §6101(a)(1).
2. 18 Pa.C.S. §6105(a)(1).
3. 18 Pa.C.S. §5503(a)(4).
4. 18 Pa.C.S. §3736(a).

Thereafter, on April 1, 2010, this court sentenced the defendant to the following: Count 1: person not to possess, use, manufacture, control, sell or transfer firearm, imprisonment in a state correctional institution for a period of not less than five years nor more than 10 years; Count 2: firearms not to be carried without a license, imprisonment in a state correctional institution for a period of not less than three and a half years nor more than seven years. Count 2 was ordered to run concurrently to Count 1. Count 3: disorderly conduct, a fine of $300; and Count 6: reckless driving, a fine of $200. Presently before this court is defendant's post-sentence motion pursuant to Pennsylvania Rule of Criminal Procedure 720. In his post-sentence motion, the defendant filed a motion for a new trial, challenging the weight of the evidence with regards to firearms not to be carried without a license and person not to possess, use, manufacture, control, sell or transfer firearm.

## A. CHALLENGING THE WEIGHT OF THE EVIDENCE

The defendant alleges that the verdict was against the weight of the evidence with regards to Counts 1 and 2. This court notes that a motion for a new trial on grounds that the verdict is contrary to the weight of the evidence concedes that there is sufficient evidence to sustain the verdict, but contends that it is against the weight of the evidence. *Commonwealth v. Widmer,* 560 Pa. 308, 319, 744 A.2d 745, 751 (2000); *Commonwealth v. Bennett,* 827 A.2d 469, 481 (Pa. Super. 2003). Furthermore, a challenge that the verdict is against the weight of the evidence requires this court to conclude in its discretion

that "the verdict is so contrary to the evidence as to shock one's sense of justice." *Commonwealth v. Lyons,* 833 A.2d 245, 259 (Pa. Super. 2003). Indeed, "for a new trial to lie on a challenge that the verdict is against the weight of the evidence, the evidence must be so tenuous, vague and uncertain that the verdict shocks the conscience of the court." *Commonwealth v. Shaffer,* 722 A.2d 195, 200 (Pa. Super. 1998). See also, *Commonwealth v. Sullivan,* 820 A.2d 795, 806 (Pa. Super. 2003).

In the instant case, trial testimony revealed that on April 10, 2008, the defendant, Eddie Clemons, was operating a motorbike on S. Carlisle Street, Allentown, Lehigh County, that appeared to be unregistered and lacking a license plate and stickers. (C. exibit 6.) Officer Ryan Koons[5] of the Allentown Police Department yelled for the driver of the motorbike to stop, but the operator of the vehicle ignored his directives, whizzed past the officer, and ran the stop sign at S. Carlisle and E. Walnut streets. The driver lost control of the motorbike and crashed near the intersection of S. Carlisle and E. Walnut streets. (C. exhibit 5.) The operator then fled on foot down S. Carlisle Street and turned onto E. Hickory Street. (C. exhibit 4.) Officer Koons pursued the individual on foot.

---

5. Officer Koons was located on the northwest corner of S. Carlisle Street at the intersection of E. Walnut Street with several other uniformed officers conducting an unrelated investigation. Officer Koons heard and viewed the motorized minibike heading towards him from about 100 yards away, originating at Hamilton/S. Hanover Avenue. This occurred at approximately 4 p.m. on a sunny day and Officer Koons had an unobstructed view of the driver. The driver of the motorized minibike was identified as the defendant.

During the foot chase, Charles Rodriguez, a City Line Construction worker who was restoring a carport located on E. Hickory Street, observed a black male with a gun in his right hand, running down E. Hickory Street. (C. exhibit 1.) At the time of this observation, Mr. Rodriguez was sweeping out the carport that was located approximately five to eight feet from the street.[6] (C. exhibit 1.) Mr. Rodriguez described the gun as a "pistol" that was "chrome/shiny."[7] (C. exhibit 3.) Mr. Rodriguez also noted that Officer Koons was approximately 20 to 30 feet behind the suspect.[8] Mr. Rodriguez witnessed the running black male toss the firearm into a City Line Construction dumpster[9] that was located at the corner of E. Hickory and S. Dauphin streets, prior to his apprehension[10] by Officer David Layton.[11] (C. exhibit 2.) (D.

---

6. The individual was approximately eight to 10 feet from Mr. Rodriguez when he ran past him. (C. exhibit 1.)

7. The subject firearm was displayed to the jury. (C. exhibit 3.) Defendant argues that the witness' testimony is fatally flawed because the gun was gray and/or black and did not have any chrome features. (C. exhibit 3.) However, Mr. Rodriguez described the gun as "shiny from reflections," and Officer Koons described the firearm as having "chrome pieces." (C. exhibit 3.)

8. Officer Koons testified that the defendant was approximately 1/2 block ahead of him during the foot chase. Additionally, Officer Koons lost visual contact of the defendant for only four to six seconds when the defendant rounded onto E. Hickory Street, and again when the defendant turned onto S. Dauphin Street.

9. The 30 cubic yard dumpster belonged to City Line Construction and was being utilized by the workers as a depository for the debris from the fire-damaged carport. (C. exhibit 2.) (D. exhibit 1.)

10. When the defendant turned the corner from E. Hickory Street onto S. Dauphin Street and saw Officer Layton, the defendant "gave up" and stopped running immediately.

11. Officer Layton pursued the defendant in his police cruiser, heading southbound on S. Carlisle and then eastbound on E. Walnut Street.

exhibit 1.) Immediately thereafter, Mr. Rodriguez informed the officers of his observations.[12] Officer Layton climbed into the dumpster and recovered a semiautomatic handgun[13] with one Winchester .40 caliber bullet in the chamber, but no clip.[14] (C. exhibit 3.) The officers retraced the path of the foot chase, and the magazine clip containing 10 .40 caliber Smith and Wesson rounds was recovered at the corner of S. Carlisle and E. Hickory streets.[15] (C. exhibit 1.) (C. exhibit 7.) (C. exhibit 8.) It is undisputed that the defendant does not possess a license to carry a firearm. (C. exhibit 9.)

By tracing the serial number on the firearm, it was determined that the owner of the gun is Jeremy Roberts. Mr. Roberts resides in the 800 block of Turner Street, Allentown, Lehigh County, in the building next to the defendant's former address. (C. exhibit 10.) Mr. Roberts did not report the gun stolen or missing.

From the evidence recounted above, it is reasonable for the jury to have concluded that the defendant possessed a firearm on the day in question. Indeed, an un-

---

Officer Layton exited his patrol car at S. Dauphin and E. Walnut streets, and observed the defendant running northbound on S. Dauphin Street directly at him.

12. Only approximately 30 seconds elapsed from the time that the defendant was in custody to the time that Mr. Rodriguez approached the officers.

13. The firearm was operational. No fingerprints could be lifted from the firearm. (D. exhibit 2.)

14. Officer Layton testified that once he climbed into the dumpster, he observed a black and silver handgun in plain view on the floor of the dumpster.

15. No fingerprints were recovered from the bullets or the magazine. (D. exhibit 2.)

biased witness, Mr. Rodriguez, witnessed a black male throw a gun into a City Line Construction dumpster and reported the same to the officers within one minute of the defendant being taken into custody. Although Mr. Rodriguez was unable to identify the defendant as the person who threw the gun into the dumpster, Officer Koons identified the defendant as the operator of the motorized minibike, and as the person taken into custody on S. Dauphin Street immediately thereafter. Moreover, acting on the information provided to him by Mr. Rodriguez, Officer Layton climbed into the dumpster and, in fact, recovered a firearm. Furthermore, the magazine was found on the path that the defendant took during his attempt to elude the authorities. Additionally, it is stipulated that the defendant did not have a license to possess a firearm. In light of the foregoing, the jury's determination of defendant's guilt on the charge of firearms not to be carried without a license is reasonable. Similarly, this court's conclusion that the defendant committed the offense of person not to possess, use, manufacture, control, sell or transfer firearm is logical and rational. The evidence presented at the time of trial was not tenuous, vague or uncertain as to cause the verdict to shock one's sense of conscience. Accordingly, the defendant's challenge to the weight of the evidence must fail.

## ORDER

Now, April, 14 2010, upon consideration of defendant's post-sentence motion pursuant to Pennsylvania Rule of Criminal Procedure 720, and for the reasons expressed in the accompanying opinion, it is hereby

ordered that defendant's post-sentence motion pursuant to Pennsylvania Rule of Criminal Procedure 720 is denied.