J-S43036-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| LAMONT ELLISON | |
| Appellant | No. 3191 EDA 2014 |

Appeal from the PCRA Order October 31, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0008480-2008

BEFORE:  GANTMAN, P.J., PANELLA, J., and OLSON, J.

MEMORANDUM BY GANTMAN, P.J.:                    **FILED JULY 27, 2015**

Appellant, Lamont Ellison, appeals from the ordered entered in the Philadelphia County Court of Common Pleas, which denied his first petition brought pursuant to the Post Conviction Relief Act ("PCRA").[1]  We affirm.

The PCRA court opinion sets forth the relevant facts and procedural history of this case as follows:

> On January 15, 2010, following a bench trial before the Honorable Steven R. Geroff, [Appellant] was found guilty of murder of the third degree and possessing an instrument of crime.  On April 1, 2010, [Appellant] was sentenced to seventeen and a half (17.5) to thirty five (35) years of imprisonment for third-degree murder and a concurrent term of two and a half (2.5) to five (5) years of imprisonment for possessing an instrument of crime.

_____

[1] 42 Pa.C.S.A. §§ 9541-9546.

> [Appellant] filed a direct appeal.  Judgment of sentence was affirmed by the Pennsylvania Superior Court on February 18, 2011.  The Pennsylvania Supreme Court denied [Appellant's] request for *allocatur* on August 11, 2011.  On June 25, 2012, [Appellant] filed a timely *pro se* petition for post-conviction collateral relief.  On November 19, 2013, counsel filed an Amended Petition claiming that appellate counsel was ineffective for failing to raise a sufficiency-of-the-evidence claim for [Appellant's] conviction of third-degree murder.  The Commonwealth filed a motion to dismiss on August 13, 2014.  On October 31, 2014, the petition was dismissed for lack of merit….[2]

(PCRA Court Opinion, filed February 27, 2015, at 1-2).  Appellant filed a timely notice of appeal on November 12, 2014.  The court did not order Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), and Appellant filed none.

Appellant raises the following issue for our review:

> DID THE [PCRA] COURT ERR IN NOT REINSTATING APPELLANT'S RIGHT TO APPEAL THE JUDGMENT OF SENTENCE *NUNC PRO TUNC* WHEN APPELLATE DEFENSE COUNSEL WAS INEFFECTIVE IN FAILING TO RAISE THE ISSUE THAT THE EVIDENCE WAS INSUFFICIENT TO FIND APPELLANT GUILTY OF THIRD DEGREE MURDER ON APPEAL FROM THE JUDGMENT OF SENTENCE?

(Appellant's Brief at 2).

---

[2] The docket entry for October 1, 2014, indicates the court issued an order granting a motion for continuance and states: "Continue for formal dismissal on 10-31-14.  907 notice to be sent."  Notwithstanding this notation on the docket, the record is unclear whether the court in fact gave notice of its intent to dismiss Appellant's PCRA petition without a hearing, pursuant to Pa.R.Crim.P. 907.  Nevertheless, Appellant does not claim on appeal that the court failed to give Rule 907 notice, which constitutes waiver of that issue. ***See Commonwealth v. Boyd***, 923 A.2d 513, 514 n.1 (Pa.Super. 2007), *appeal denied*, 593 Pa. 754, 932 A.2d 74 (2007).

Our standard of review of the denial of a PCRA petition is limited to examining whether the record evidence supports the court's determination and whether the court's decision is free of legal error. *Commonwealth v. Ford*, 947 A.2d 1251 (Pa.Super. 2008), *appeal denied*, 598 Pa. 779, 959 A.2d 319 (2008). This Court grants great deference to the findings of the PCRA court if the record contains any support for those findings. *Commonwealth v. Carr*, 768 A.2d 1164 (Pa.Super. 2001). A petitioner is not entitled to a PCRA hearing as a matter of right; the PCRA court can decline to hold a hearing if there is no genuine issue concerning any material fact, the petitioner is not entitled to PCRA relief, and no purpose would be served by any further proceedings. *Commonwealth v. Hardcastle*, 549 Pa. 450, 701 A.2d 541 (1997).

After a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinion of the Honorable Steven R. Geroff, we conclude Appellant's issue merits no relief. The PCRA court opinion comprehensively addresses and properly disposes of the question presented. (*See* PCRA Court Opinion at 4-5) (finding: on evening before day of incident, victim's mother saw Appellant drive slowly by victim, roll down car window, make hand gesture simulating gun pointed at victim, and say, "pow, pow"; victim's sister found victim lying in street with multiple gunshot wounds; victim told sister Appellant had shot victim; Appellant's friend told police Appellant had shot victim; while incarcerated, Appellant

confided in cellmate that Appellant had shot victim; Appellant used deadly weapon on vital part of victim's body; evidence at trial was sufficient for court to find Appellant was perpetrator of crime and acted with malice; because evidence was sufficient to sustain Appellant's third-degree murder conviction, Appellant's claim lacks arguable merit; therefore, appellate counsel was not ineffective for failing to raise sufficiency challenge on direct appeal). Accordingly, we affirm on the basis of the PCRA court opinion.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/27/2015

**IN THE COURT OF COMMON PLEAS**
**FIRST JUDICIAL DISTRICT OF PENNSYLVANIA**
**TRIAL DIVISION – CRIMINAL SECTION**

**COMMONWEALTH OF PENNSYLVANIA**  :  **CP-51-CR-0008480-2008**
:
:
**vs.**  **FILED**  :
:  **SUPERIOR COURT**
FEB 27 2015  :  **NO. 3191 EDA 2014**
**LAMONT ELLISON**  :
Criminal Appeals Unit
First Judicial District of PA
**OPINION**

**GEROFF, J.**    CP-51-CR-0008480-2008 Comm. v. Ellison, Lamont    **FEBRUARY 27, 2015**
Opinion



7263636221

Petitioner, Lamont Ellison, has filed an appeal of this court's order denying his Amended

Petition pursuant to the Post Conviction Relief Act, 42 Pa.C.S.A. § 9541 *et seq.*

## I.    PROCEDURAL HISTORY

On January 15, 2010, following a bench trial before the Honorable Steven R. Geroff, the

Petitioner was found guilty of murder of the third degree and possessing an instrument of crime.

On April 1, 2010, Petitioner was sentenced to seventeen and a half (17.5) to thirty five (35) years

of imprisonment for third-degree murder and a concurrent term of two and a half (2.5) to five (5)

years of imprisonment for possessing an instrument of crime.

The Petitioner filed a direct appeal. Judgment of sentence was affirmed by the

Pennsylvania Superior Court on February 18, 2011. The Pennsylvania Supreme Court denied

Petitioner's request for *allocatur* on August 11, 2011. On June 25, 2012, the Petitioner filed a

1

timely *pro se* petition for post-conviction collateral relief. On November 19, 2013, counsel filed an Amended Petition claiming that appellate counsel was ineffective for failing to raise a sufficiency-of-the-evidence claim for the Petitioner's conviction of third-degree murder. The Commonwealth filed a motion to dismiss on August 13, 2014. On October 31, 2014, the petition was dismissed for lack of merit pursuant to 42 Pa.C.S.A. §9541 *et. seq.* The Petitioner filed a timely notice of appeal.

## II.  STANDARD OF REVIEW

An ineffectiveness claim raised pursuant to the Post Conviction Relief Act must establish that counsel's mistake so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place. 42 Pa.C.S. § 9543(a)(2)(ii). *See Commonwealth v. Kimball*, 555 Pa. 299, 312, 724 A.2d 326, 333 (Pa. 1999). To establish ineffectiveness under the PCRA, a petitioner must demonstrate: (1) that the underlying claim is of arguable merit; (2) that counsel's performance lacked a reasonable basis; and (3) that the ineffectiveness of counsel caused the petitioner prejudice. *Commonwealth v. Collins*, 598 Pa. 397, 957 A.2d 237, 245 (2008), *citing Commonwealth v. Carson*, 590 Pa. 501, 913 A.2d 220, 233 (2006), cert. denied, --- U.S. ----, 128 S.Ct. 384, 169 L.Ed.2d 270 (2007) (*citing Commonwealth v. Pierce*, 515 Pa. 153, 527 A.2d 973, 975 (1987) (*adopting* U.S. Supreme Court's holding in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)). The law presumes that trial counsel is effective and, therefore, a petitioner carries the burden of proving ineffectiveness. *Commonwealth v. Baker*, 531 Pa. 541, 614 A.2d 663, 673 (1992). A failure to satisfy any prong of the test for ineffectiveness requires rejection of the entire claim. *Commonwealth v. Jones*, 571 Pa. 112, 811 A.2d 994, 1002 (2002).

2

A claim has arguable merit where the factual averments, if accurate, could establish cause for relief. *See Commonwealth v. Jones,* 583 Pa. 130, 876 A.2d 380, 385 (2005). If a petitioner raises allegations, which, even if accepted as true, do not establish the underlying claim, he or she will have failed to establish the arguable merit prong related to the claim. *Id.* Whether the facts rise to the level of arguable merit is a legal determination. *Commonwealth v. Saranchak,* 581 Pa. 490, 866 A.2d 292, 304 n. 14 (2005).

Here, the underlying claim is that the evidence was insufficient to convict the Petitioner of murder of the third degree. In evaluating a challenge to the sufficiency of the evidence, a reviewing court must determine whether, viewing the evidence in the light most favorable to the Commonwealth as verdict winner, together with all reasonable inferences therefrom, the trier of fact could have found that each and every element of the crimes charged was established beyond reasonable doubt. *Commonwealth v. Randall,* 758 A.2d 669, 674 (Pa. Super. 2000).

## III.  DISCUSSION

The Petitioner argues that appellate counsel was ineffective for failing to raise a sufficiency-of-the-evidence claim against his conviction of third-degree murder because insufficient evidence was presented at trial to identify the Petitioner as the perpetrator of the offense, and because insufficient evidence was presented at trial to establish that the Petitioner acted with the requisite *mens rea,* or criminal intent.

Murder of the third degree is an unlawful killing with malice. Pa.C.S.A. § 2502(c), *Commonwealth v. Carter,* 481 Pa. 95, 393 A.2d 13, 15 (Pa. Super. 1978). Malice is defined as "wickedness of disposition, hardness of the heart, cruelty, recklessness of consequences, and a mind regardless of social duty." *Commonwealth v. Shaffer,* 722 A.2d 195, 199 (Pa. Super. 1998). Malice may be inferred from the attending circumstances, such as the use of a deadly

3

weapon on a vital part of the body of another human being. *Commonwealth v. Paquette*, 451 Pa. 250, 301 A.2d 837, 840 (1973).

*Sufficiency of the Evidence.*

The evidence presented at trial was overwhelmingly sufficient for the trier of fact to find that the Petitioner was the perpetrator of the crime, and was overwhelmingly sufficient for the trier of fact to find that the Petitioner acted with malice. The evening prior to the day on which the Petitioner shot the victim, the victim's mother saw the Petitioner slowly drive by her son, roll down the window of the car, and make a hand gesture simulating a gun pointing at the victim. "Pow, pow," she heard the Petitioner say. (N.T. 01/13/2010, 91-95).[1] The victim's sister found the victim shot and lying in the street, fading in and out of consciousness. When she asked the victim what had happened, he stated, "Poodie (the Petitioner) shot me."[2] (N.T. 01/13/2010, 108-114). Immediately after the shooting, Petitioner's own friend told police that the Petitioner had shot the victim. (N.T. 01/14/2010, 91-103). After the shooting and while incarcerated, the Petitioner confided to a cellmate that he had shot the victim, to whom he referred as "Twin."[3] (N.T. 01/13/2010, 36-43).

There are additional reasons to support a finding that the Petitioner acted with malice. The murder was committed with the use of a deadly weapon on a vital part of the victim's body, with the victim sustaining multiple gunshot wounds to his stomach, foot, and knee. (N.T. 01/15/2010, 5-7). The victim's mother saw the Petitioner drive slowly past her son the night prior to the murder and make an obvious gesture threatening to kill him. The evidence clearly demonstrated that the Petitioner acted deliberately and with malice when he shot the victim the next day.

---

[1] The victim's mother identified the Petitioner in court as the man who had driven by her son. *Id.* at 95.

[2] The victim's sister knew the Petitioner and knew that his nickname was "Poodie." *Id.* at 115.

[3] The victim was known by that nickname because he had a twin brother, Joseph (N.T. 01/13/2010, 91-92).

4

The Petitioner's underlying claim, that there was insufficient evidence to establish his guilt for his conviction of third-degree murder, is without arguable merit. Since the Petitioner's ineffectiveness claim lacks arguable merit, the Petitioner has failed the first prong of the ineffectiveness test. To establish ineffectiveness, a petitioner must plead and prove all three prongs of the ineffectiveness test. The Petitioner's failure to plead and prove the first prong of the test means that his entire ineffectiveness claim must be rejected.

IV.    **CONCLUSION**

For the reasons stated above, the Petitioner's Amended Petition for Post Conviction Relief was properly denied.

BY THE COURT:

STEVEN R. GEROFF,       J.

5