J-S51005-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA

Appellee

v.

JAMES E. LEWIS

Appellant

IN THE SUPERIOR COURT OF
PENNSYLVANIA

No. 570 EDA 2015

Appeal from the Judgment of Sentence January 30, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0010882-2013

BEFORE:  GANTMAN, P.J., LAZARUS, J., and PLATT, J.*

MEMORANDUM BY GANTMAN, P.J.:                    **FILED JUNE 24, 2016**

Appellant, James E. Lewis, appeals from the judgment of sentence

entered in the Philadelphia County Court of Common Pleas, following his

convictions of robbery, burglary, persons not to possess firearms, criminal

trespass, theft by unlawful taking or disposition, possessing instruments of

crime, terroristic threats, and simple assault.[1]  We affirm.

In its opinion, the trial court fully and correctly sets forth the relevant

facts of this case.   Therefore, we have no reason to restate them.

Procedurally, on September 6, 2013, the Commonwealth charged Appellant

with aggravated assault, robbery, burglary, persons not to possess firearms,

_____

[1] 18 Pa.C.S.A. §§ 3701(a)(1)(ii), 3502(c)(1), 6105(a)(1), 3503(a)(1)(ii),
3921(a), 907(a), 2706(a)(1), and 2701(a), respectively.

_____

*Retired Senior Judge assigned to the Superior Court.

criminal trespass, theft by unlawful taking or disposition, receiving stolen property, unlawful restraint, possessing instruments of crime, terroristic threats, simple assault, recklessly endangering another person, and false imprisonment. Appellant proceeded to a bench trial. On November 20, 2014, the court convicted Appellant of robbery, burglary, persons not to possess firearms, criminal trespass, theft by unlawful taking, possessing instruments of crime, terroristic threats, and simple assault. The court deferred sentencing pending the preparation of a pre-sentence investigation ("PSI") report.

On January 30, 2015, the court sentenced Appellant to an aggregate term of ten (10) to twenty (20) years' imprisonment. On February 9, 2015, Appellant timely filed a post-sentence motion, which the court denied on February 11, 2015. Appellant timely filed a notice of appeal on February 25, 2015. On March 2, 2015, the court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), and Appellant timely complied on March 23, 2015. That same day, Appellant filed a motion for an extension of time to file a supplemental Rule 1925(b) statement once all notes of testimony were available. The court subsequently granted the motion, and Appellant filed a supplemental Rule 1925(b) statement on September 1, 2015.

Appellant raises the following issue for our review:

> WAS NOT THE EVIDENCE INSUFFICIENT TO CONVICT APPELLANT OF VIOLATING SECTION 6105 OF THE

UNIFORM FIREARMS ACT, AS THE COMMONWEALTH FAILED TO PROVE BEYOND A REASONABLE DOUBT THAT APPELLANT POSSESSED A FIREARM WHERE HE WAS ARRESTED WITHIN MINUTES OF THE COMPLAINANT CALLING THE POLICE AND APPELLANT WAS NOT IN POSSESSION OF THE ALLEGED SHOTGUN AT ISSUE IN THIS CASE?

(Appellant's Brief at 3).

After a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinion of the Honorable Diana L. Anhalt, we conclude Appellant's issue on appeal merits no relief. The trial court opinion comprehensively discusses and properly disposes of the question presented. (**See** Trial Court Opinion, filed November 19, 2015, at 5-7) (finding: Commonwealth presented evidence of Appellant's prior robbery conviction, which prohibits Appellant from possessing, using, controlling, transferring, or maintaining firearm; Commonwealth also introduced evidence that Appellant broke into Victim's residence, used firearm to force Victim to strip and lie on floor, and ordered Victim to crawl around his home to search for valuables; Victim testified that during incident Appellant pointed firearm in between Victim's legs and in Victim's mouth; Victim further stated that Appellant used butt of firearm to hit Victim in head; court concluded Commonwealth presented sufficient evidence to establish Appellant's use of firearm during offense; thus, court properly convicted Appellant of persons not to possess firearms). We accept the court's sound reasoning.

To the extent Appellant argues he could not have possessed a firearm because he did not have time to dispose of it, the Commonwealth established at trial that ten to fifteen minutes passed between Victim's escape and Appellant's apprehension by police, which gave Appellant ample time to discard the firearm used during the offense. Moreover, Victim's testimony that Appellant used a firearm was sufficient by itself to sustain Appellant's persons not to possess firearms conviction. *See Commonwealth v. Robinson*, 817 A.2d 1153 (Pa.Super. 2003) (holding victim's testimony that assailant possessed firearm during offense was sufficient to establish use of firearm in violation of Uniform Firearms Act, even if police did not recover firearm). Further, the evidence of Victim's injuries introduced at trial corroborated Victim's testimony that Appellant used a firearm during the offense. Thus, Appellant's claim that he could not have possessed a firearm because he did not have time to dispose of it has no merit, and the court properly convicted Appellant of persons not to possess firearms. Therefore, we affirm on the basis of the trial court's opinion. Accordingly, we affirm.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>6/24/2016</u>

**IN THE COURT OF COMMON PLEAS**
**FOR THE COUNTY OF PHILADELPHIA**
**CRIMINAL DIVISION TRIAL**

CP-51-CR-0010882-2013

| | | |
|---|---|---|
| **COMMONWEALTH** | : | NO.: CP-51-CR-~~001882-2013~~ |
| **OF PENNSYLVANIA** | : | |
| | : | |
| **v.** | : | **Superior Court No.:** |
| | : | **570 EDA 2015** |
| **JAMES E. LEWIS** | : | |



NOV 1 9 2015

Criminal Appeals Unit
First Judicial District of PA

CP-51-CR-0010882-2013 Comm. v. Lewis, James E.
Opinion

## OPINION

**ANHALT, J.**

7372385181

Appellant in the above-captioned matter appeals his conviction for Robbery, a felony of the first degree (F1), Burglary, a felony of the first degree (F1), Possession of Firearm Prohibited (F2), Criminal Trespass (F2), Theft by Unlawful Taking (M1), Possession of an Instrument of Crime with Intent (M1), Terroristic Threats (M1), and Simple Assault (M2). The Court submits the following Opinion in accordance with the requirements of Pa. R. A. P. 1925. For the reasons set forth herein, this Court's decision should be affirmed.

## PROCEDURAL HISTORY

On May 24, 2013, Appellant James E. Lewis, was arrested and charged with Aggravated Assault, a felony of the first degree, Robbery, Burglary, Possession of Firearm Prohibited, Criminal Trespass, Theft by Unlawful Taking, Receiving Stolen Property, Unlawful Restraint, Possession of an Instrument of Crime with Intent, Terroristic Threats, Simple Assault, Recklessly Endangering Another Person, and False Imprisonment.

On November 21, 2014, Appellant waived his right to a jury trial and proceeded to a bench trial before the Court. On that date, the Court found Appellant guilty of Robbery (F1), Burglary (F1), Possession of Firearm Prohibited (F2), Criminal Trespass (F2), Theft by Unlawful



Taking (M1), Possession of an Instrument of Crime with Intent (M1), Terroristic Threats (M1), and Simple Assault (M2).

On January 28, 2015, the Court sentenced Appellant to ten to twenty years of incarceration on the charge of Robbery, ten to twenty years of incarceration on the charge of Burglary, five to ten years incarceration on the charge of Possession of a Firearm Prohibited, two and a half to five years incarceration on the charge of Possession of an Instrument of Crime, and five years probation on the charge of Terrorist Threats, all to run concurrently for a cumulative sentence of ten to twenty years of incarceration. The Criminal Trespass, Theft, and Simple Assault charges merged. On February 11, 2015, Appellant filed Post-Sentence Motions which were denied by the Court without a hearing on February 12, 2015.

Appellant filed this timely appeal of the Court's decision on February 25, 2015. On March 2, 2015, this Court ordered Appellant to file a concise statement of the matters complained of on appeal pursuant to Rule 1925(b) of the Pa. R.A.P. On March 23, 2015, Appellant's counsel filed a Preliminary Statement of Errors Complained of on Appeal and requested an extension of time to file a complete and final Pa. R.A.P. 1925(b) Statement of Matters Complained of on Appeal because the notes of testimony from the trial and sentencing had not yet been transcribed. The Court granted the request on that same date.

Counsel for Appellant was finally provided the complete transcript on August 17, 2015, and a timely Pa.R.A.P. 1925(b) Statement of Matters Complained of on Appeal was filed on September 1, 2015. Appellant argues that the Court erred in finding the Appellant guilty of Possession of Firearm Prohibited (F2) because the Commonwealth failed to prove beyond a reasonable doubt that Appellant possessed a gun in this matter.

2

## FACTUAL HISTORY

At the trial for Appellant, Hans Szmezier testified that in the early morning hours of May 23, 2013, he was at home alone sleeping at his residence of 1839 Roselyn in the city and county of Philadelphia. (N.T., 11/20/14, pp. 35-36). Mr. Szmeizer was awakened by the sound of the Appellant kicking in his bedroom door, with a shotgun pointed at his face. (N.T., 11/20/14, p. 37). Appellant told Mr. Szmezier to strip and lay flat on the floor. (N.T., 11/20/14, p. 37). Appellant was wearing a red backwards hat, a white tank top, and orange and grey sneakers. (N.T., 11/20/14, p. 39). Mr. Szmezier jumped off the bed, took his boxers and T-shirt off, and laid flat on his stomach on the floor. (N.T., 11/20/14, p. 43). Mr. Szmezier couldn't see anything except the Appellant's shoes. (N.T., 11/20/14, p. 43). Appellant then said to Mr. Szmezier, referring to his buttocks, "I like that, have you ever had something stuck up your ass before?" while pointing the shotgun barrel between Mr. Szmezier's legs. (N.T., 11/20/14, p. 44). Mr. Szmezier began begging and pleading with Appellant, telling him he would have whatever he wanted if he would just get out of there. (N.T., 11/20/14, p. 44).

Appellant demanded Mr. Szmezier's money, jewelry, and gun. (N.T., 11/20/14, p. 46). Mr. Szmezier told him he had money in a shoebox in the closest and Appellant made Mr. Szmezier crawl to the closet, retrieve the shoebox, and give it to him. (N.T., 11/20/14, p. 46). Appellant asked where the gun was, and when Mr. Szmezier told him he didn't have a gun, Appellant demanded to know where the jewelry was. (N.T., 11/20/14, p. 46). After Mr. Szmezier pulled the jewelry out of the drawer, Appellant said "the jewelry better be real or I'm going to kill you." (N.T., 11/20/14, p. 46). Appellant also told Mr. Szmezier, "It's okay, I'm going to kill you anyway before I leave." (N.T., 11/20/14, p. 47). Appellant then made Mr.

3

Szmezier crawl to the middle bedroom, and then to the back bedroom, where he took Mr. Szmezier's brother's wallet and the cash that was inside. (N.T., 11/20/14, pp. 47-50). Appellant made Mr. Szmezier tie his hands behind his back with a belt and then ordered Mr. Szmezier to the basement, dragging him down the stairs by the back of his hair. (N.T., 11/20/14, pp. 52-53). Appellant pointed the shotgun at Mr. Szmezier's mouth and told Mr. Szmezier "if you scream, I will blow your head off." (N.T., 11/20/14, p. 53). In the basement, Appellant threw a blanket over Mr. Szmezier's head, poured a bottle of water in his face, and then hit him again in the back of the head with the butt of the shotgun. (N.T., 11/20/14, p. 55). Mr. Szmezier played unconscious, while Appellant removed the latex glove he was wearing and replaced it with a glove Mr. Szmezier had in the basement. (N.T., 11/20/14, p. 55). Mr. Szmezier was able to remove the belt and escape the house through the basement and garage and ran behind the house towards Church Lane. When Mr. Szmezier reached Church Lane, he flagged down a lady and asked her to call 911; Mr. Szmezier was still naked at the time. (N.T., 11/20/14, pp. 57-58).

Police Officer Michael Gouynn testified that on May 23, 2013, at approximately 3:57 a.m., while on duty in the area of 5th and Champlost, he received a radio call to pick up a complainant at the location of Church and Limekiln Pike. (N.T., 11/20/14, p. 18). Officer Gouynn testified that when he reached the location of Church and Limekiln, Mr. Szmezier flagged him down. (N.T., 11/20/14, p. 19). Officer Gouynn placed Mr. Szmezier in the back of his patrol car and proceeded to drive to Mr. Szmezier's house, located at 1839 Roselyn Street. (N.T., 11/20/14, p. 19). As he pulled up to close to 1839 Roselyn, Officer Gouynn observed two men on the front porch of 1829 Roselyn, matching the flash information of the clothing given by Mr. Szmezier. (N.T., 11/20/14, p. 20). Officer Gouynn asked complainant if he recognized the

4

males, and Mr. Szmezier said "yes, that's him", indicating the Appellant. (N.T., 11/20/14, p. 20). Officer Gouynn then approached the two males on the porch; one of the males began to walk away and disobey commands while Appellant began throwing items onto the roof. (N.T., 11/20/14, pp. 20-21). The Appellant was wearing a white tank top, blue jean shorts, and blue and orange sneakers. (N.T., 11/20/14, p. 22). Officer Gouynn recovered Mr. Szemezier's iPhone from the roof, as well as a black wallet containing Mr. Szmezier's brother's identification information. (N.T., 11/20/14, p. 26). From Appellant's right front pocket, Officer Gouynn also recovered $140 USD. (N.T., 11/20/14, p. 27).

## DISCUSSION

Appellant argues on appeal that the Court erred in finding the Appellant guilty of Possession of Firearm Prohibited (F2) because the Commonwealth failed to prove beyond a reasonable doubt that Appellant possessed a gun in this matter. Appellant argues that the evidence was insufficient as a matter of law and that the verdict was against the weight of evidence because no reasonable fact-finder could find that the Commonwealth proved Appellant guilty. Appellant further claims that the possession of a firearm, 18 Pa.C.S.A § 6105, verdict is so contrary to the evidence that it shocks one's sense of justice.

In considering a challenge to the sufficiency of the evidence, the reviewing court must determine whether, viewing all the evidence at trial and the reasonable inferences therefrom in the light most favorable to the Commonwealth, the trier of fact could have found that each element of the offense charged was proven beyond a reasonable doubt. *Commonwealth v. Chine*, 40 A.3d 1239, 1242 (Pa. Super. 2012); *Commonwealth v. Marinelli*, 690 A.2d 203, 210-11 (Pa. 1997); *Commonwealth v. Gaskins*, 692 A.2d 224, 227 (Pa. Super. 1997). This standard is

5

applicable whether the evidence presented is circumstantial or direct, provided the evidence links the accused to the crime beyond a reasonable doubt. *Commonwealth v. Morales*, 669 A.2d 1003, 1005 (Pa. Super. 1996). Questions of witness credibility and the weight to be afforded the evidence are within the sole province of the finder of fact, who is free to believe all, part, or none of the evidence. *Commonwealth v. Woods*, 638 A.2d 1013, 1015 (Pa. Super. 1994); *Commonwealth v. Mayfield*, 585 A.2d 1069 (Pa. Super. 1991). Any doubts regarding a defendant's guilt may be resolved by the fact-finder, unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. *Commonwealth v. Chine*, 40 A.3d 1239, 1242 (Pa. Super. 2012).

Possession of a firearm by a prohibited person, a felony of the second degree (F2), is defined by the Uniform Firearm's statute as follows: "A person who has been convicted of an offense enumerated in subsection (b), ... shall not possess, use, control, sell, transfer or manufacture or obtain a license to possess, use, control, sell, transfer or manufacture a firearm in this Commonwealth." 18 Pa.C.S.A.§ 6105 (a)(1). Here, evidence was presented that the Appellant had at least one prior conviction for robbery, which is one of the enumerated offenses listed under 18 Pa.C.S.A.§ 6105 (b). After being convicted of robbery, the Appellant was prohibited from possessing, using, controlling, transferring, or maintaining a firearm. The evidence presented was that Appellant broke into the complainant's residence, used a firearm to force complainant to strip and lie on the floor, and ordered the complainant to search his home for valuables. Appellant threatened the complainant with the firearm, at times pointing it between the complainant's legs and mouth, and also hitting the complainant in the head with the

6

butt of the gun. This evidence is sufficient to prove the Appellant is guilty of felony possession of a firearm by a prohibited person.

Appellant also contends that the verdict of guilty was against the weight of the evidence. The Appellant argues that the Court erred in finding him guilty because the verdict was so contrary to the evidence presented that it shocks one's sense of justice. This challenge to the weight of the evidence, similar to the challenge of sufficiency of evidence, is meritless.

The decision whether to grant a new trial based on the grounds that the verdict was against the weight of the evidence rests solely within the discretion of the trial court. *Commonwealth v. Pronkoskie*, 498 Pa. 245, 251 (1982). "For a new trial to lie on a challenge that the verdict is against the weight of the evidence, the evidence must be so tenuous, vague and uncertain that the verdict shocks the conscience of the court." *Commonwealth v. Edwards*, 582 A.2d 1078, 1083 (Pa. Super. 1990); *Commonwealth v. Shaffer*, 722 A.2d 195, 200 (Pa. Super. 1998); *Commonwealth v. Johnson*, 910 A.2d 60, 64 (Pa. Super. 2006). Appellant offers nothing additional in support of his weight of the evidence claim that has not already been raised in his claim challenging the sufficiency of the evidence.

As stated above, in regard to Appellant's sufficiency claim, there was sufficient credible evidence to prove aggravated assault, possession of an instrument of a crime, and felony possession of a firearm by a prohibited person. The Appellant claims that the guilty verdict, especially the 18 Pa.C.S.A. § 6105 charge was so contrary to the weight of evidence that it shocks one's sense of justice. There was evidence at trial that the Appellant broke into the complainant's residence, used a firearm to force complainant to strip and lie on the floor, and ordered the complainant to search his home for valuables. The complainant was able to

7

positively identify the Appellant as the man that broke into his residence and robbed him at point of gun within an hour of the incident. Appellant was wearing the same clothing and shoes the complainant described to police. The evidence presented was not so tenuous, vague, or uncertain that a verdict of guilty shocks the conscience of the jury or the Court. As a result, the Court's verdict is not against the weight of the evidence.

As stated above, in regard to Appellant's sufficiency claim, there was sufficient credible evidence to prove felony possession of a firearm by a prohibited person.

## CONCLUSION

For the foregoing reasons, the Court's finding of Appellant guilty of Possession of Firearm Prohibited (F2) should be affirmed.


BY THE COURT:

*Diana L. Anhalt*

DIANA ANHALT, J.


November 18, 2015

8

## PROOF OF SERVICE

I hereby certify that on the date set forth below, I caused an original copy of the Judicial Opinion to be served upon the persons at following locations, which service satisfies the requirements of Pa.R.A.P. 122:

Jill Heilman, Esquire
Karl Baker, Esquire
1441 Sansom Street
Philadelphia, PA 19102

Hugh Burns, Esquire
Philadelphia District Attorneys Office
Three South Penn Square
Philadelphia, PA 19107

Date: 11/18/15

By: _Diana L. Anhalt_
Diana Anhalt, Judge

9