J-S65045-17

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| BRIAN CHARLES WINTER, | : | |
| | : | |
| Appellant | : | No. 3545 EDA 2016 |

Appeal from the Judgment of Sentence October 14, 2016
in the Court of Common Pleas of Delaware County,
Criminal Division, No(s):  CP-23-CR-0006660-2014

BEFORE:  OLSON, OTT and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:          **FILED NOVEMBER 21, 2017**

Brian Charles Winter ("Winter") appeals from the judgment of sentence imposed following his convictions of two counts each of corruption of minors and indecent assault (complainant less than 16 years of age).[1]  We affirm.

In its Opinion, the trial court set forth the relevant factual and procedural background, which we adopt for the purpose of this appeal.  **See** Trial Court

---

[1] **See** 18 Pa.C.S.A. §§ 6301(a)(1)(ii), 3126(a)(8).

J-S65045-17

Opinion, 5/1/17, at 1-9.[2]

On appeal, Winter raises the following issues for our review:

1. Was the verdict against the weight and sufficiency of the evidence where the Commonwealth did not meet its burden of proof to establish a course of conduct for the two (2) counts of corruption of minors, as the night in question was not a "course of conduct[]" [because] both alleged victims testified that the allegations of the night in question were an isolated event and not a course of conduct[,] which is an essential element of 18 Pa.C.S.A. § 6301[(a)(1)(ii)]?

2. Was the verdict against the weight and sufficiency of the evidence where the Commonwealth did not meet its burden of proof that there was indecent contact[,] as required for the two (2) counts of indecent assault of a person less than 16 years of age under 18 Pa.C.S.A. §[]3126[(a)(8)], where the girls' testimony was directly in conflict with each other and with their own prior recorded statements, and where the girls did not establish any actual indecent contact?

3. Was the verdict against the weight and sufficiency of the evidence where the testimony of the alleged victims was so in conflict with each other, and with their own prior recorded statements, that the same cannot be the grounds for guilt beyond a reasonable doubt on any of the charges?

4. Did the trial court abuse its discretion and/or err as a matter of law by precluding [Winter's] expert from interviewing victim K.J., notwithstanding that the same is required by the code of ethics governing experts testifying to psychiatric matters, and

_____

[2] As noted by the trial court in its Opinion, Winter's Concise Statement of matters complained of on appeal was untimely. *See* Trial Court Opinion, 5/1/17, at 9 n.1. While we could find waiver based on the untimeliness of the Concise Statement, we decline to do so, as the trial court addressed Winter's issues. *See Commonwealth v. Thompson*, 39 A.3d 335, 340 (Pa. Super. 2012) (declining to find waiver because the trial court had addressed the issues raised in the untimely concise statement); *see also Commonwealth v. Burton*, 973 A.2d 428, 433 (Pa. Super. 2009) (*en banc*) (holding that "[w]hen counsel has filed an untimely Rule 1925(b) statement and the trial court has addressed those issues[,] we need not remand and may address the merits of the issues presented.").

- 2 -

> by limiting the expert testimony to such a degree that [Winter's] expert was incapable of ethically rendering an expert opinion to a reasonable degree of medical certainty at trial?
>
> 5. Did the trial court abuse its discretion and/or err as a matter of law by excluding from evidence the Facebook profile of victim M.M., which showed a strikingly different persona of the victim than what was presented at court, as well as excluding a specific photograph/post posted on the Facebook profile of one of the victims, M.M., shortly before her testimony at trial, directly indicating that she would cover up a crime scene for a friend[?]

Brief for Appellant at 4-5 (some capitalization omitted).

In his brief, Winter combines his sufficiency of the evidence and weight of the evidence arguments, as raised in his first three issues, with respect to each of his convictions.[3]   However, sufficiency of the evidence claims are distinct from weight of the evidence claims, as there are different standards of review, as well as separate remedies.  *See Commonwealth v. Birdseye*, 637 A.2d 1036, 1039 (Pa. Super. 1994).

> [O]ur standard of review of sufficiency claims requires that we evaluate the record in the light most favorable to the verdict winner giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence.  Evidence will be deemed sufficient to support the verdict when it establishes each material element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt. Nevertheless, the Commonwealth need not establish guilt to a mathematical certainty.   [T]he facts and circumstances established by the Commonwealth need not be absolutely incompatible with the defendant's innocence.  Any doubt about the defendant's guilt is to be resolved by the fact finder unless the evidence is so weak

---

[3] Pursuant to Pa.R.A.P. 2119, Winter was required to divide his argument "into as many parts as there are questions to be argued …."  Pa.R.A.P. 2119(a). Although Winter failed to follow Rule 2119 by combining his first three issues in the Argument section of his brief, we decline to find waiver.

- 3 -

and inconclusive that, as a matter of law, no probability of fact can be drawn from the combined circumstances.

***Commonwealth v. Franklin***, 69 A.3d 719, 722 (Pa. Super. 2013) (citations and quotation marks omitted).

Appellate review of a weight claim is a review of the exercise of discretion, not of the underlying question of whether the verdict is against the weight of the evidence. Because the trial judge has had the opportunity to hear and see the evidence presented, an appellate court will give the gravest consideration to the findings and reasons advanced by the trial judge when reviewing a trial court's determination that the verdict is against the weight of the evidence. One of the least assailable reasons for granting or denying a new trial is the lower court's conviction that the verdict was or was not against the weight of the evidence and that a new trial should be granted in the interest of justice.

***Commonwealth v. Widmer***, 744 A.2d 745, 753 (Pa. 2000) (internal citations omitted).

"[W]hile a challenge to the sufficiency of the evidence can be legally distinguished from a challenge to the weight of the evidence, where the evidence is legally sufficient, it generally meets the test for weightiness." ***Commonwealth v. Shaffer***, 722 A.2d 195, 200 (Pa. Super. 1998).

With regard to Winter's corruption of minors convictions, he contends that, under 18 Pa.C.S.A. § 6301(a)(1)(ii), the Commonwealth was required to prove that he engaged in a "course of conduct" comprised of more than one act. Brief for Appellant at 15. Winter asserts that, because both girls testified that "this was an isolated act, which had not happened before, the Commonwealth has not established a pattern of conduct sufficient to support a conviction under this statute." ***Id***. at 16.

Winter's argument addresses only his claim that the evidence was insufficient to support his corruption of minors convictions.[4] In its Opinion, the trial court addressed Winter's challenge to the sufficiency of the evidence supporting his convictions of corruption of minors, set forth the relevant law, and determined that the challenge lacks merit. *See* Trial Court Opinion, 5/1/17, at 10-12. We agree with the reasoning of the trial court, and affirm on this basis at to Winter's challenges to the weight and sufficiency of the evidence supporting his convictions of corruption of minors. *See id*. at 10-12.

With regard to Winter's indecent assault convictions, he contends that "there were numerous inconsistencies in the trial testimony of both alleged victims, as well as their prior statements." Brief for Appellant at 16. Winter asserts that K.J. told police that they "went on an adventure and [Winter] let them drive his car," but claims that M.M. "expressly denies ever even going to the parking lot[,] and says when they asked to drive his car[,] he said it was not a good idea." *Id*. Winter further argues that, whereas M.M. stated

_____

[4] In his brief, Winter makes no argument regarding his claim that his corruption of minors convictions are against the weight of the evidence. Accordingly, this issue is waived. *See* Pa.R.A.P. 2119(a) (stating that the parties' briefs must include a discussion of each question raised on appeal and a "citation of authorities as are deemed pertinent."); *see also* ***Commonwealth v. Murchinson***, 899 A.2d 1159, 1160 (Pa. Super 2006) (deeming appellant's claims waived under Pa.R.A.P. 2119(a) because he did not develop meaningful argument with specific references to relevant caselaw and to the record to support his claims). Even if Winter had not waived this issue, we would have concluded that it lacks merit for the reasons expressed by the trial court in its Opinion. *See* Trial Court Opinion, 5/1/17, at 13-15.

that he had touched K.J.'s vaginal area, K.J. stated that "he only humped her leg." *Id*. Winter claims that these inconsistencies "make it *impossible* for a jury to glean the truth, and his conviction is a shock to one's sense of justice." *Id*. at 17 (emphasis in original).

Winter's argument addresses only his claim that his indecent assault convictions are against the weight of the evidence.[5] The trial court addressed Winter's challenge to the weight of the evidence supporting his indecent assault convictions, set forth the relevant law, and determined that the challenge lacks merit. *See* Trial Court Opinion, 5/1/17, at 13-15. We agree with the reasoning of the trial court, and affirm on this basis at to Winter's challenges to the weight of the evidence supporting his indecent assault convictions. *See id*. at 13-15.

In his fourth issue, Winter contends that the trial court erred by denying his request that K.J. submit to an independent psychiatric evaluation by Winter's expert. Brief for Appellant at 18. Winter asserts that, after reviewing K.J.'s psychiatric records, his expert concluded that "K.J. was either severely delusional, or had been embellishing her psychiatric symptoms and misleading her treating physicians for several years." *Id*. Winter argues that he sought

---

[5] In his brief, Winter makes no argument regarding his claim that the evidence was insufficient to support his indecent assault convictions. Accordingly, this issue is waived. *See* Pa.R.A.P. 2119(a); *see also Commonwealth v. Murchinson*, *supra*. Even if Winter had not waived this issue, we would have concluded that it lacks merit for the reasons expressed by the trial court in its Opinion. *See* Trial Court Opinion, 5/1/17, at 12-13.

to present expert testimony that K.J. was incompetent to testify at trial. *Id*. Winter claims that, even if K.J. "was determined to be competent to testify, the expert opinion sought would have been highly probative impeachment evidence." *Id*. Winter contends that, as a result of the trial court's ruling, he "was stripped of the opportunity to introduce probative and crucial information which may have seriously impacted the verdict ...." *Id*. at 18-19.

In its Opinion, the trial court addressed Winter's fourth issue, set forth the relevant law, and determined that the issue lacks merit. *See* Trial Court Opinion, 5/1/17, at 15-16. We agree with the reasoning of the trial court, and affirm on this basis as to Winter's fourth issue. *See id*.

In his fifth issue, Winter contends that the trial court abused its discretion by precluding him from introducing into evidence numerous Facebook postings by M.M. Brief for Appellant at 19. Winter asserts that the postings "taken as a whole, showed a vastly different person than the victim purported to be on the stand." *Id*. Winter claims that "[p]ortraying such a different image on the stand versus social media is, in itself, a form of deception and relevant for jury consideration." *Id*. Winter argues that the postings were not barred by the Rules of Evidence, were more probative than prejudicial, and that it was manifestly unreasonable for the trial court to exclude them. *Id*.

In its Opinion, the trial court addressed Winter's fifth issue, set forth the relevant law, and determined that the issue lacks merit. *See* Trial Court

Opinion, 5/1/17, at 16-18. We agree with the reasoning of the trial court, and affirm on this basis as to Winter's fifth issue. **See id**.

Judgment of sentence affirmed.

*Judgment Entered.*

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/21/2017