J-S67042-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| JOSE GARCIA | : | |
| | : | |
| Appellant | : | No. 3449 EDA 2016 |

Appeal from the Judgment of Sentence October 10, 2016
In the Court of Common Pleas of Lehigh County
Criminal Division at No(s):  CP-39-CR-0000696-2016

BEFORE:   GANTMAN, P.J., MUSMANNO, J., and STEVENS*, P.J.E.

MEMORANDUM BY GANTMAN, P.J.:                  **FILED NOVEMBER 13, 2017**

Appellant, Jose Garcia, appeals from the judgment of sentence entered in the Lehigh County Court of Common Pleas, following his bench trial convictions for two counts of driving under the influence of alcohol or controlled substance ("DUI"), and one count each of careless driving, immediate notice of accident to police department, and driving while operating privilege is suspended or revoked.[1]  We affirm.

In its opinion, the trial court fully and correctly set forth the relevant facts and procedural history of this case.  Therefore, we have no reason to restate them.  We clarify that Appellant was charged and convicted of **two** counts of DUI under Section 3802(a)(1).

---

[1] 75 Pa.C.S.A. §§ 3802(a)(1), 3714(a), 3746(a)(2), 1543(a), respectively.

---

\* Former Justice specially assigned to the Superior Court.

Appellant raises three issues for our review:

WHETHER THE TRIAL COURT ERRED AS A MATTER OF LAW IN DENYING [APPELLANT'S] REQUEST FOR A JURY TRIAL?

WHETHER THE COMMONWEALTH PRESENTED SUFFICIENT EVIDENCE THAT [APPELLANT] DROVE, OPERATED, OR WAS IN ACTUAL PHYSICAL CONTROL OF THE VEHICLE AT TRIAL TO SUSTAIN THE DRIVING UNDER THE INFLUENCE CHARGES?

WHETHER THE VERDICT OF GUILTY WAS AGAINST THE WEIGHT OF THE EVIDENCE AS NO DIRECT EVIDENCE WAS PRESENTED AT TRIAL THAT [APPELLANT] DROVE, OPERATED, OR WAS IN ACTUAL PHYSICAL CONTROL OF THE VEHICLE, AND [APPELLANT'S] WITNESS TESTIFIED THAT SHE WAS THE DRIVER OF THE VEHICLE?

(Appellant's Brief at 5).[2]

After a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinion of the Honorable Maria L. Dantos, we conclude Appellant's first and second issues on appeal merit no relief. The trial court opinion comprehensively discusses and properly disposes of those questions. (**See** Trial Court Opinion, filed November 29, 2016, at 11-12; 2-6) (finding: **(1)** first DUI offense is ungraded misdemeanor punishable by up to six months' imprisonment; when first offender refuses chemical testing, violation remains ungraded misdemeanor

_____

[2] The summary of the argument section in Appellant's brief does not pertain to any of the issues Appellant raises on appeal. Rather, this section inexplicably states the trial court erred by failing to grant Appellant's motion to suppress evidence. The record suggests this misstatement was merely an inadvertent error by counsel.

punishable by up to six months' imprisonment;[3] right to jury trial exists only when defendant faces charge which, alone, could lead to imprisonment greater than six months; thus, Appellant's argument is legally flawed; **(2)** Commonwealth presented evidence that on August 22, 2015, at approximately 4:30 a.m., police received dispatch to accident in McDonald's parking lot; Officer Beiner observed male, later identified as Appellant, standing outside of driver's side door of pick-up truck which had damage to front and side fenders; Officer Beiner noticed another vehicle approximately 20 feet away had damage to it as well as nearby telephone pole; Appellant's vehicle had yellow paint on it which appeared to be from utility pole; Appellant denied knowledge of accident; Appellant said his wife had been

_____

[3] Appellant was charged with, *inter alia*, two counts of first-offense DUI under Section 3802(a)(1): count 1−DUI (general impairment) and count 2−DUI (general impairment with refusal).  Appellant was not facing any charges subject to more than six months' imprisonment.  The court's statement, therefore, is limited to the context of Appellant's demand for a jury trial.  We acknowledge the recent cases of ***Birchfield v. North Dakota***, ___ U.S. ___, 136 S.Ct. 2160, 195 L.Ed.2d 560 (2016) and ***Commonwealth v. Giron***, 155 A.3d 635 (Pa.Super. 2017) (holding that, pursuant to ***Birchfield***, defendant who refuses to submit to warrantless blood draw cannot be subject to **enhanced penalties** under 75 Pa.C.S.A. §§ 3803-3804; affirming appellant's DUI conviction but vacating and remanding for resentencing).  Significantly, the record in the present case makes clear the court imposed **no** penalty at all on Appellant's conviction for count 2−DUI (general impairment with refusal).  In fact, the court sentenced Appellant on only count 1−DUI (general impairment), plus fines/costs for the summary offenses.  Therefore, this case did **not** involve an illegal sentence under ***Birchfield*** or ***Giron***.  Further, Appellant did not raise any ***Birchfield*** challenge to the validity of his conviction for count 2−DUI (general impairment with refusal).  So, absent an illegal sentence on that conviction, Appellant is not entitled to relief on the grounds asserted.

driving and was in McDonald's using restroom; Officer Beiner went inside but no patrons were there as restaurant was closed except for employees; Officer Beiner noticed strong odor of alcohol on Appellant's breath, and that Appellant had glassy and bloodshot eyes and was swaying; Appellant also kept repeating himself; Appellant refused to perform sobriety tests or consent to blood draw; court found completely incredible Appellant's wife's testimony that she was driver of vehicle, struck utility pole, went to use McDonald's restroom but because restaurant was closed she walked to Walgreen's to use restroom there, and it took her one hour to find bathroom and return to accident scene; Appellant's license was under suspension on date in question; evidence was sufficient to sustain Appellant's convictions). Therefore, with respect to Appellant's first and second issues on appeal, we affirm on the basis of the trial court's opinion.

Regarding Appellant's third issue, preliminarily, a challenge to the weight of the evidence must be preserved by a motion for a new trial. Pa.R.Crim.P. 607. The Rule provides:

> **Rule 607. Challenges to the Weight of the Evidence**
>
> (A) A claim that the verdict was against the weight of the evidence shall be raised with the trial judge in a motion for a new trial:
>
>> (1) orally, on the record, at any time before sentencing;
>>
>> (2) by written motion at any time before sentencing; or

(3)    in a post-sentence motion.

Pa.R.Crim.P. 607(A)(1)-(3).  "As noted in the comment to Rule 607, the purpose of this rule is to make it clear that a challenge to the weight of the evidence must be raised with the trial judge or it will be waived." *Commonwealth v. Gillard*, 850 A.2d 1273, 1277 (Pa.Super. 2004), *appeal denied*, 581 Pa. 672, 863 A.2d 1143 (2004).  An appellant's failure to avail himself of any of the prescribed methods for presenting a weight of the evidence issue to the trial court constitutes waiver of that claim, even if the trial court responds to the claim in its Rule 1925(a) opinion. *Commonwealth v. Burkett*, 830 A.2d 1034 (Pa.Super. 2003).  *See also* Pa.R.Crim.P. 720(A)(1) (explaining written post-sentence motion shall be filed no later than 10 days after imposition of sentence).

Instantly, the court sentenced Appellant on October 10, 2016. Appellant did not raise a challenge to the weight of the evidence prior to sentencing or file a post-sentence motion within ten days of the imposition of his sentence.  The trial court's discussion of Appellant's weight claim in its Rule 1925(a) opinion does not cure this defect.[4]   *See Burkett, supra*. Thus, Appellant's weight claim is waived.  *See* Pa.R.Crim.P. 607; 720; *Gillard, supra*; *Burkett, supra*.  Moreover, even if Appellant had preserved

---

[4] The full citation for *Commonwealth v. Lyons* (*see* Trial Court Opinion at 7), is 833 A.2d 245 (Pa.Super. 2003), *appeal denied*, 583 Pa. 695, 879 A.2d 782 (2005).

his weight claim, we would affirm for the reasons stated in the trial court's opinion. (**See** Trial Court Opinion at 2-7.) Accordingly, we affirm.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/13/2017

# IN THE COURT OF COMMON PLEAS OF LEHIGH COUNTY, PENNSYLVANIA

## CRIMINAL DIVISION

COMMONWEALTH OF PENNSYLVANIA )
)
)
vs. )  Case No. 0696/2016
)
JOSE GARCIA, )
      Defendant )

\* \* \* \* \* \* \* \*

APPEARANCES:

      ADRA RENEE SMITH, ESQUIRE,
      SENIOR DEPUTY DISTRICT ATTORNEY,
         On behalf of the Commonwealth

      KATHRYN SMITH, ESQUIRE,
         On behalf of the Defendant

\* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

MARIA L. DANTOS, J.

      A non-jury trial was conducted in the within matter on August 15, 2016. At the conclusion of the trial, this Court found the Defendant, Jose Garcia, guilty of Driving Under the Influence of Alcohol (general impairment, first offense, highest tier),[1] Careless Driving,[2] Immediate Notice of Accident to Police Department,[3] and Driving

---

[1]     75 Pa. C.S.A. § 3802(a)(1).
[2]     75 Pa. C.S.A. § 3714(a).
[3]     75 Pa. C.S.A. § 3746(a)(2).

While Operating Privilege is Suspended.[4] Thereafter, on October 10, 2016, the Defendant was sentenced to a term of imprisonment of not less than one (1) month nor more than six (6) months in Lehigh County Jail, as well as costs and fines, to be run consecutively to the sentence imposed in Case No. 215/2016. The within timely appeal followed on November 3, 2016. Thereafter, this Court instructed the Defendant to file of record and serve upon this Court a concise statement of errors complained of on appeal no later than November 28, 2016, in accordance with Pennsylvania Rule of Appellate Procedure 1925(b). The Defendant timely complied with said Order. In his concise statement of matters complained of on appeal, the Defendant challenges the weight of the evidence and the sufficiency of the evidence. The Defendant also argues that this Court erred in not granting the Defendant a jury trial, as well as requests this Court to reconsider its sentence.

## A. Challenging the Sufficiency of the Evidence

The Defendant alleges that the evidence presented by the Commonwealth at trial was insufficient to sustain finding the Defendant guilty of Driving Under the Influence of Alcohol (general impairment, first offense, highest tier), Careless Driving, Immediate Notice of Accident to Police Department, and Driving Under Suspension. It is well-settled law in Pennsylvania that when reviewing the sufficiency of the evidence claim, the appellate court must review all of the evidence and all reasonable inferences drawn therefrom in a light most favorable to the Commonwealth as the verdict winner. Commonwealth v. Taylor, 831 A.2d 661, 663 (Pa. Super. 2003), *quoting* Commonwealth v. DiStefano, 782 A.2d 574, 582 (Pa. Super. 2001)(stating that the standard applied in

---

[4]     75 Pa. C.S.A. § 1543(a).

2

reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt); Commonwealth v. Klein, 795 A.2d 424, 426 (Pa. Super. 2002); Commonwealth v. Hall, 549 Pa. 269, 280, 701 A.2d 190, 195 (1997), *cert. denied*, 523 U.S. 1082, 118 S.Ct. 1534, 140 L.Ed.2d 684 (1998). Moreover, the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Commonwealth v. Hunzer, 868 A.2d 498, 505 (Pa. Super. 2005). With that standard in mind, we must determine whether the evidence was sufficient to prove all of the elements of the crimes, which the Defendant challenges, beyond a reasonable doubt. Commonwealth v. McCalman, 795 A.2d 412, 415 (Pa. Super. 2002) (*citing* Commonwealth v. Passarelli, 789 A.2d 708, 716 (Pa. Super. 2001) (citations and quotations omitted)). Furthermore, a mere conflict in the testimony does not render the evidence insufficient, because it is within the province of the fact finder to determine the weight to be given to the testimony and to believe all, part or none of the evidence. Commonwealth v. Moore, 436 Pa. Super. 495, 501, 648 A.2d 331, 333 (1993). If the finder of fact reasonably could have determined from the evidence adduced that all of the necessary elements were established, then the evidence will be deemed sufficient to support the verdict. Hunzer, 868 A.2d at 505.

Initially this Court notes that in order to establish a *prima facie* case for Driving Under the Influence, the Commonwealth must have demonstrated that the individual was driving, operating, or in actual physical control of the movement of the vehicle while under the influence of alcohol to a degree which rendered him incapable of safe driving. See 75 Pa. C.S.A. § 3802(a)(1).

3

Also, "any person who drives a vehicle in careless disregard for the safety of persons or property is guilty" of Careless Driving. See 75 Pa. C.S.A. § 3714(a). In addition, "[t]he driver of a vehicle involved in an accident shall immediately by the quickest means of communication give notice to the nearest office of a duly authorized police department if the accident involves damage to any vehicle involved to the extent that it cannot be driven under its own power in its customary manner without further damage or hazard to the vehicle, other traffic elements, or the roadway, and therefore requires towing." See 75 Pa. C.S.A. § 3746(a)(2) (Immediate Notice of Accident to Police Department). Finally, "any person who drives a motor vehicle on any highway or traffic way of this Commonwealth after the commencement of a suspension, revocation or cancellation of the operating privilege and before the operating privilege has been restored" is guilty of Driving Under Suspension. See 75 Pa. C.S.A. § 1543(a).

After a review of the record, this Court finds that the evidence presented at the non-jury trial was sufficient to support the finder of fact's verdict with regard to all of the aforementioned charges. Viewed in the light most favorable to the Commonwealth, as verdict winner, a summary of the specific evidence established at trial is as follows:

In the instant case, the evidence presented at trial revealed that on August 22, 2015, at approximately 4:30 A.M., Officer Joseph Beiner of the Allentown Police Department was patrolling in full uniform and in a marked patrol unit when he received a dispatch to respond to the scene of an accident at the McDonald's parking lot located at 1414 Tilghman Street, Allentown, Lehigh County, Pennsylvania. Upon his arrival, he observed a male, later identified as the Defendant, Jose Garcia,

4

standing outside of the driver's side door of a black Ford F150 pick-up truck. Officer Beiner observed that the Ford F150 pick-up truck had sustained damage to the front fender and to the driver side fender. In addition, Officer Beiner noticed that another vehicle located in the McDonald's parking lot, which was approximately twenty (20') feet from the Ford F150 pick-up truck, had damage to the rear of the car. This damage was new, as there was glass underneath the back end of the vehicle. Also, a telephone pole at the southeast end of the McDonald's parking lot was also damaged. In particular, Officer Beiner viewed "scuff marks" on the telephone pole. Officer Beiner observed that the Ford F150 pick-up truck had yellow transfer paint from the utility pole on the side, which was consistent with hitting the telephone pole.

Officer Beiner approached the Defendant and inquired about the accident. The Defendant denied having any knowledge of a vehicular accident. He indicated that his wife had been driving the Ford F150 pick-up truck, and that she was in the McDonald's restaurant using the restroom facilities. Officer Beiner went into the McDonald's to locate the Defendant's wife. However, no patrons were inside the McDonald's, as the restaurant was closed and only had employees inside.[5]

When Officer Beiner initially had spoken with the Defendant, he immediately noted a strong odor of alcohol emanating from his person and his breath.

---

[5] The Defendant's wife, Tomisha Taylor, testified at the time of trial. Her testimony was completely incredible and unbelievable. Ms. Taylor indicated that at approximately 4:00 A.M., she and her husband decided to leave their seven (7) children, whose ages range from one year old to seventeen (17) years old, home alone to go get something to eat at McDonald's. She indicated that she was the driver of the Ford F150 pick-truck and that she had struck the pole in the McDonald's parking lot. Ms. Taylor then explained that she became so upset that she had to use the restroom. As the McDonald's was closed, she walked to Walgreens located at 17th and Tilghman Streets to use their bathroom facilities. Ms. Taylor stated that it took her about one (1) hour to find a bathroom and return to the scene of the accident. Ms. Taylor's testimony was completely incredible and this Court disregarded it in its entirety as one complete lie.

5

The Defendant had glassy and bloodshot eyes, and was swaying. In addition, the Defendant kept repeating himself to the Officer. Officer Beiner inquired if the Defendant would consent to performing field sobriety tests. At first the Defendant agreed. However, the Defendant changed his mind and refused to allow the tests to be administered. Consequently, believing that the Defendant was under the influence of alcohol and incapable of safe driving, Officer Beiner placed the Defendant in custody, and transported the Defendant to the DUI Central Booking Center for a blood draw, where he refused to submit to chemical testing. Furthermore, the certified Pennsylvania Department of Transportation Bureau of Driver Licensing records indicates that the Defendant's driver's license was suspended on August 22, 2015. (C. Ex. 1).

In light of this abundant evidence enumerated above, the Defendant's challenge to the sufficiency of the evidence must fail.

*B. Challenging the Weight of the Evidence*

The Defendant alleges that the verdict was against the weight of the evidence. This Court notes that a motion for a new trial on grounds that the verdict is contrary to the weight of the evidence concedes that there is sufficient evidence to sustain the verdict, but contends that it is against the weight of the evidence. Commonwealth v. Widmer, 560 Pa. 308, 319, 744 A.2d 745, 751 (2000); Commonwealth v. Bennett, 827 A.2d 469, 481 (Pa. Super. 2003). Furthermore, a challenge that the verdict is against the weight of the evidence requires this Court to conclude in its discretion that "the verdict is so contrary to the evidence as to shock

6

one's sense of justice." Lyons, 833 A.2d at 258. Indeed, for a new trial to lie on a challenge that the verdict is against the weight of the evidence, the evidence must be so tenuous, vague and uncertain that the verdict shocks the conscience of the court." Commonwealth v. Shaffer, 722 A.2d 195, 200 (Pa. Super. 1998). See also Commonwealth v. Sullivan, 820 A.2d 795, 806 (Pa. Super. 2003).

From the evidence recounted above, it is reasonable to have concluded that the Defendant was driving, operating, or in actual physical control of the movement of his Ford F150 pick-up truck while under the influence of alcohol to a degree which rendered him incapable of safe driving. Also, the evidence showed that the Defendant drove his Ford F150 pick-up truck in careless disregard for the safety of persons or property when he struck the utility pole and the other vehicle parked in the McDonald's parking lot. In addition, the Defendant failed to give notice to the nearest office of a duly authorized police department after he was involved in the accident that involved damage to another vehicle. Finally, the record evidence established that the Defendant drove the Ford F150 pick-up truck at a time when his license was suspended, in violation of the Motor Vehicle Code. In light of this abundant evidence enumerated above, the Defendant's challenge to the weight of the evidence must fail.

*C. Motion to Modify and Reduce Sentence*

Finally, the Defendant asserts that this Court erred in sentencing the Defendant to a manifestly excessive and unduly harsh sentence. The Defendant is challenging the discretionary aspects of sentencing. Commonwealth v. Bishop, 831 A.2d 656, 660 (Pa. Super. 2003). Initially this Court notes that:

7

> Sentencing is within the sound discretion of the sentencing judge, and that decision will not be disturbed absent an abuse of discretion. Commonwealth v. Jones, 418 Pa. Super. 93, 613 A.2d 587, 591 (1992)(*en banc*). "To constitute an abuse of discretion, the sentence imposed must either exceed the statutory limits or be manifestly excessive." Commonwealth v. Gaddis, 432 Pa. Super. 523, 639 A.2d 462, 469 (1994). Nevertheless, sentencing guidelines are merely advisory, and the court may, in its discretion, sentence outside the guidelines. When a trial court deviates from the guidelines, it must state its reasons for deviation on the record at the time of sentencing or in a contemporaneous written statement. Commonwealth v. Lawson, 437 Pa. Super. 521, 650 A.2d 876, 881 (1994). The court must also consider the guidelines as a starting point and deviate so as to impose a sentence consistent with both the public's safety needs and the defendant's rehabilitative needs. Id.

Commonwealth v. Shaffer, 722 A.2d 195, 198-199 (Pa. Super. 1998). If "the sentencing court proffers reasons indicating that its decision to depart from the guidelines is not unreasonable," its responsibilities have been fulfilled and the appellate courts will not disturb the sentence. Commonwealth v. Gibson, 716 A.2d 1275, 1277 (Pa. Super. 1998).

In the instant case, the Defendant's minimum sentence was within the standard range of the guidelines and maximum sentence was set at the statutory maximums. Unquestionably, the sentence imposed did *not* exceed the statutory limits. Therefore, the Defendant's sentence must be evaluated to determine if it was "manifestly excessive." To do so, the following considerations must be examined:

> In determining whether a sentence is manifestly excessive, the appellate court must give great weight to the sentencing court's discretion, as he or she is in the best position to measure factors such as the nature of the crime, the defendant's character, and the defendant's display of remorse, defiance, or indifference. Commonwealth v. Ellis, 700 A.2d 948, 958 (Pa. Super. 1997). Where an excessiveness claim is based on a court's

8

> sentencing outside the guideline ranges, we look, at a minimum, for an indication on the record that the sentencing court understood the suggested sentencing range. 42 Pa. C.S.A. § 9721(b). When the court so indicates, it may deviate from the guidelines, if necessary, to fashion a sentence which takes into account the protection of the public, the rehabilitative needs of the defendant, the gravity of the particular offenses as it relates to the impact on the life of the victim and the community, so long as the court also states of record the factual basis and specific reasons which compelled him to deviate from the guideline range.

Commonwealth v. Mouzon, 828 A.2d 1126, 1128 (Pa. Super. 2003) (citations omitted).

Moreover, "[i]t is well-settled that appeals of discretionary aspects of a sentence are not reviewable as a matter of right." Commonwealth v. Ladamus, 896 A.2d 592, 595 (Pa. Super. 2006); see also Commonwealth v. Shugars, 895 A.2d 1270, 1274 (Pa. Super. 2006); Commonwealth v. McNabb, 819 A.2d 54, 55 (Pa. Super. 2003). The defendant must demonstrate that a substantial question exists concerning the sentence. Commonwealth v. Lee, 876 A.2d 408, 411 (Pa. Super. 2005). Furthermore, a substantial question requires something more than an allegation that the sentences imposed are excessive or harsh. Ladamus, 896 A.2d at 595. Consequently, Defendant's assertion that this Court abused its discretion by imposing an excessive and harsh sentence fails to present a substantial question to justify a review of his claim.

Additionally, even if the merit of the Defendant's sentencing claim were addressed, Defendant's argument must fail. The Defendant's sentence must initially be evaluated to determine if there was an abuse of discretion. Commonwealth v. Walls, 926 A.2d 957 (Pa. 2007). The standard of review has been explained in the following manner:

9

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

Commonwealth v. Fullin, 892 A.2d 843, 847 (Pa. Super. 2006), *citing* Commonwealth v. Rodda, 723 A.2d 212, 214 (Pa. Super. 1999)(en banc).

In imposing the Defendant's sentence, this Court considered the "protection of the public, the gravity of the offense as it relates to the impact on the victim and the community, the defendant's rehabilitative needs, and the sentencing guidelines." 42 Pa. C.S.A. § 9721(b); Commonwealth v. Feucht, 955 A.2d 377, 383 (Pa. Super. 2008).

Prior to sentencing, this Court carefully reviewed the Pre-Sentence Investigation Report prepared on September 14, 2016. The Court was aware of all of the information contained therein. Also, this Court did not fail to consider mitigating factors. Commonwealth v. Devers, 519 Pa. 88, 546 A.2d 12 (1988) (holding that where a pre-sentence report exists, there is a presumption that the sentencing judge was aware of and adequately considered information relevant to the defendant's character, as well as any mitigating factors).

Additionally, it is axiomatic that the imposition of consecutive rather than concurrent sentences lies within the sound discretion of the sentencing court. Commonwealth v. Booze, 953 A.2d 1263, 1279 (Pa. Super. 2008). Long-standing precedent recognizes that 42 Pa. C.S.A. § 9721 affords the sentencing court discretion to impose its sentence concurrently or consecutively to other sentences being

10

imposed at the same time or to sentences already imposed. 42 Pa. C.S.A. § 9721. <u>See</u> <u>also</u> <u>Commonwealth v. Johnson</u>, 961 A.2d 877, 880 (Pa. Super. 2008); <u>Commonwealth v. Marts</u>, 889 A.2d 608, 612 (Pa. Super. 2005). "A challenge to the imposition of consecutive rather than concurrent sentences does not present a substantial question regarding the discretionary aspects of sentence." <u>Commonwealth v. Lloyd</u>, 878 A.2d 867, 873 (Pa. Super. 2005). Indeed, the Superior Court of Pennsylvania has stated: "We see no reason why [a defendant] should be afforded a 'volume discount' for his crimes by having all sentences run concurrently." <u>Commonwealth v. Hoag</u>, 445 Pa. Super. 455, 665 A.2d 1212, 1214 (1995).

With *all* of this information in mind, using its discretion this Court imposed a sentence that was appropriate and within the law. Accordingly, the Defendant's argument is baseless and the Defendant's request to modify and reduce sentence is denied.

*D. Entitled to Jury Trial*

The Defendant argues that he was entitled to a trial by jury in the within matter. However, this argument is baseless. This Court notes that the "right to a jury trial exists when a defendant faces a charge which, alone, could lead to imprisonment beyond six months." <u>Commonwealth v. Harriott</u>, 919 A.2d 234, 237 (Pa. Super. 2007), *citing* <u>Commonwealth v. Kerry</u>, 906 A.2d 1237, 1239, 1240 (Pa. Super. 2006). "By contrast, there is no jury trial right if an offense bears a maximum incarceration of six months or less." <u>Id.</u> Pennsylvania deems a first offense Driving Under the Influence charge an ungraded misdemeanor, punishable by up to six (6) months of imprisonment. <u>See</u> 75 Pa. C.S.A § 3803(a)(1). Where a first offender refuses chemical

11

testing, the violation remains graded as an ungraded misdemeanor punishable by up to 6 months' imprisonment. 75 Pa. C.S.A. § 3803(b)(2). Consequently, the Defendant's argument is legally flawed.

The Defendant's appeal is without merit and should be dismissed.

DATED: 11/29/16

BY THE COURT:

_____
Maria L. Dantos, J.